IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARCADIO APONTE-ROSARIO
MIRTA COLON-PELLICIER
ROSANNA DE-LEON-RIVERA
IRIS MARGARITA APONTE-MARRERO
LUZ ELENA RAMOS AYALA
on behalf of themselves and all others similarly
situated, as residents of Las Gladiolas Public
Husing Project

Plaintiffs

vs                                                      CIVIL 06-1578CCC

HONORABLE ANIBAL ACEVEDO VILA,
Governor of the Commonwealth of Puerto Rico
HONORABLE JORGE RIVERA, Secretary of
Housing of the Commonwealth of Puerto Rico
CARLOS LABOY, Director of the Puerto Rico
Public Housing Administration
HONORABLE ALPHONSO JACKSON,
Secretary of the United States Department of
Housing and Urban Development
MICHAEL COLON, Field Office Director
and OLGA SAEZ, Public Housing Director of the
Office for Puerto Rico/Virgin Islands of the
United States Department of Housing and Urban
Development
ALL IN THEIR OFFICIAL AND
REPRESENTATIVE CAPACITIES and
AMERICAN MANAGEMENT, INC.

Defendants

**O R D E R**

Although plaintiffs have yet to establish compliance with the requirements of a class action, the Court is concerned at this time with a Motion to Dismiss filed on November 19, 2006 by defendants U.S. Department of Housing and Urban Development (HUD) and three of its officers, Alphonso Jackson, Michael Colón and Olga Sáez (**docket entry 16**), supported by an amended Memorandum of Law filed on November 14, 2006 (**docket entry 19**). Plaintiffs filed their opposition on December 29, 2006 (**docket entry 28**), which was followed by an authorized reply by defendants on January 25, 2007 (**docket entry 32**). Also included in this action are Commonwealth defendants, i.e. the Governor and other government officials.

CIVIL 06-1578CCC                                    2

Plaintiffs describe themselves as residents of a public housing project known as Las Gladiolas I and II who will be affected in the eventuality of its demolition and who are now being affected by lack of safe and sanitary housing conditions at the site.  Although at ¶14 of the complaint they make reference to a deprivation of their statutory right to representation in the public agency development of its five (5) year and annual plans, citing 42 U.S.C. § §1437c-1, the reality is that there are no factual allegations against the federal defendants in support of such a claim.  Plaintiffs have so acknowledged in their opposition to dismissal.  See p. 23 of Opposition (docket entry 28).

The second claim for relief set forth in the complaint is against the HUD defendants for violations of 42 U.S.C. §1437p and the Fifth Amendment right to due process of law. Plaintiffs seek judicial review of HUD actions under the APA, 5 U.S.C. §702, and a declaration that the HUD defendants disregarded the clearly mandated duty under 42 U.S.C. §1437p(b)(1) & (2) which required them to act upon information that they provided regarding an application for demolition of the housing project made by the Commonwealth housing agency.  Plaintiff residents claim they submitted information to the HUD defendants which was inconsistent with the application for demolition made by the public housing agency but which defendants chose to ignore as they also chose to ignore the circumstance that the application for demolition was not developed in consultation with them or other residents as required by the federal statute.[1]

The primary argument raised by the HUD defendants is that the claims against them are not subject to judicial review under APA's section 701(a)(2) for the agency action in this case

---

[1] Although movants contend at page 4 of their dismissal request that the public housing agency's demolition application included minutes of a February 22, 2005 meeting with project residents at which the proposed demolition was discussed, plaintiffs in their complaint and opposition claim otherwise.  Given that this is a motion for dismissal under Fed.R.Civ.P. 12(b)(6), plaintiffs' averments to the contrary must be taken as true.

CIVIL 06-1578CCC                                           3

is committed to agency discretion by law.  They describe plaintiffs' actions as a challenge to their

discretionary agency action which is precluded by the exception to reviewability found in

§701(a)(2).  Specifically, they contend that there is no "language in the statute that creates a

mandatory duty on the part of the Secretary to make the determinations described in

§1437p(b)," Memorandum (docket entry 19), at p. 9., following within the Secretary's

discretion to decide whether or not to make such determinations.  Invoking the language of

§1437p(b), plaintiffs counter that "the statute's language is undeniably mandatory in tone and

structure; its intention clear, as it requires the Secretary to take certain actions or determinations

before he approves an application for demolition of a housing project."  Opposition (docket

entry 28), at p. 16 (emphasis in original).  They discuss several cases in support of their position

that agency action in this case is not committed to agency discretion by law, rather, that it is

reviewable for the federal statute in question provides guidance and a law for the courts to apply.

> Section 702 of the APA provides:
>
> A person suffering legal wrong because of agency action, or adversely affected or
> aggrieved by agency action within the meaning of a relevant statute, is entitled to
> judicial review thereof. An action in a court of the United States seeking relief
> other than money damages and stating a claim that an agency or an officer or
> employee thereof acted or failed to act in an official capacity or under color of
> legal authority shall not be dismissed nor relief therein be denied on the ground
> that it is against the United States or that the United States is an indispensable
> party. The United States may be named as a defendant in any such action, and
> a judgment or decree may be entered against the United States: Provided, That
> any mandatory or injunctive decree shall specify the Federal officer or officers (by
> name or by title), and their successors in office, personally responsible for
> compliance. Nothing herein (1) affects other limitations on judicial review or the
> power or duty of the court to dismiss any action or deny relief on any other
> appropriate legal or equitable ground; or (2) confers authority to grant relief if
> any other statute that grants consent to suit expressly or impliedly forbids the
> relief which is sought.

5 U.S.C. §702.

Reviewability must overcome the hurdle of §701(a)2) which makes it inapplicable when

agency action is committed to agency discretion by law. Citizens to Preserve Overton Park Inc.

CIVIL 06-1578CCC                                           4

v. Volpe, 91 S.Ct. 814 (1971), addressed this exception to reviewability of actions committed to agency discretion, referring to the same as a "very narrow exception." Id., at p. 820. Overton Park established the "law to apply" standard which makes the exception for action committed to agency discretion of (a)(2) inapplicable. The Court cited specific provisions of the two federal statutes involved in that case, the Department of Transportation Act and the Federal-Aid Highway Act, which provided "clear and specific directives" (id., at p. 821) to the agency regarding the use of federal funds for construction of highways through parks. The Court found that the statutes in plain language provided the "law to apply" and that "[i]f the statutes [were] to have any meaning, the Secretary [could] not approve the destruction of parkland unless he [found] that alternative routes present[ed] unique problems." Id., at p. 822.

HUD defendants rely primarily on Heckler v. Chaney, 105 S.Ct. 1649 (1985) obviously because in that case the Court concluded that the agency's decision not to take enforcement action should be presumed immune from judicial review under section 701(a)(2). Id., at p. 1656. They disregard the fact that the case before us, like Overton Park, is not an enforcement action. Comparing an agency's decision not to enforce to the decision of a prosecutor in the Executive Branch not to indict, the Court recognized that such a decision is "generally committed to an agency's absolute discretion." Id., at p. 1655. The difference between Chaney and Overton Park in this sense is acknowledged at page 1655 where the Court refers to the clear guidelines present in that case for determining when approval of a program using public parkland should be given. The "law to apply standard" of Overton Park is incorporated in the Court's analysis of the federal statutes before it in Chaney. Citing Overton Park, at pp. 820-21, on the (a)(2) exception, the Court reasserted that "the legislative history of the APA indicates that it is applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" Chaney, 105 S.Ct. at p. 1655. The focus turns, therefore, on the statute in question. Thus, Chaney clearly states that "the statute ("law") can be taken to have 'committed' the decisionmaking to the agency's judgment

CIVIL 06-1578CCC                              5

absolutely" only when "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Id. The Court, therefore, turned to the specific statute, that is the Federal Food, Drug and Cosmetics Act, to determine whether in that case Congress had provided it with "law to apply" by establishing meaningful standards that defined the limits of agency discretion.

Section 1437p of the Housing Act provides the Secretary clear guidelines upon which to act in the approval and disapproval of a public housing agency's application for demolition of a public housing project. It sets forth both circumstances under which he shall approve an application and the circumstances under which he shall disapprove the same. If the Secretary has before him an application for demolition supported by a certification of the public housing agency that contains the requirements set forth in §1347p(a)(1)(A), then the Secretary shall approve such application. However, if the Secretary has information and data available to him or requested by him and he determines that the public housing agency's certification is inconsistent with such data, or, if the application was not developed in consultation with the residents or a resident advisory board affected by the proposed demolition, then the Secretary must disapprove the demolition pursuant to §1437p(b)(1) & (2). To be sure, this statute does not commit to the Secretary's absolute discretion whether to approve or disapprove a demolition application. In deciding whether to approve or disapprove the application he is required to follow the guidelines that the law has provided for him. A public housing agency certification may well contain all the information required in §1437p(1), yet, if its application was not developed in consultation with the residents who will be affected by the proposed demolition, or, if it is clearly inconsistent with the information available to the Secretary, he **must** disapprove it. It goes without saying that the statute provides for the Secretary to make determinations regarding the existence of a consultation or the presence of information inconsistent with that provided in the public housing agency's certification. The text reads "if the Secretary determines;" he must determine whether either one or both of these situations exist. That

CIVIL 06-1578CCC                                6

phrase does not mean, however, that he has an absolute discretion not to act, that is, not to determine that a consultation is missing or that inconsistency exists even when the evidence before him shows that the housing agency failed to consult or submitted a flawed certification. As a matter of fact, the text of the statute grants him no discretion to refuse to determine the lack of a consultation when he has historical data that shows that affected residents were not consulted just as it does not grant him the discretion to choose not to conclude that the certification is inconsistent when the information before him clearly so reflects.  The statute provides guidelines in clear and sharp detail for the Secretary and the agency to follow either in approving or rejecting a public housing agency's application for demolition.  His determination regarding the absence of a consultation or the presence of inconsistent information in the certification are factual findings that he must make when the evidence before him supports such findings.  Should he fail to do so he is in violation of the mandatory duty established by the law under the circumstances contemplated therein.

        At page 9 of its supplemental memorandum, the HUD defendants acknowledge that the Secretary has not made the §1437p(b) determinations with respect to Las Gladiolas application. They further state at that same page the following: "Nor is there language in the statute that creates a mandatory duty on the part of the Secretary to make the determination described in §1437p(b) . . . [i]t is left to the Secretary's discretion to decide whether to make such determinations . . ." and "[i]n this instance, HUD's Secretary has exercised his discretion to not make (sic) the determinations described in the statute, and that exercise of discretion is non-reviewable."  In the sur-reply, they have changed the tune.  Forgetting that their motion is one to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), they advance unsupported arguments that there is a factual insufficiency to demonstrate the certification was clearly inconsistent or that the demolition application was not developed in consultation with residents.  This is not a motion for summary judgment.  Plaintiffs' allegations have pointed to an absence of a consultation and an existence of inconsistent information to which the Secretary was alerted by them.  The Court

CIVIL 06-1578CCC                                    7

is not concerned with any of this given the nature of the motion submitted.  The core argument advanced by movant that their actions are committed to agency discretion and, therefore, exempted from judicial review by the narrow exception found in (a)(2) is erroneous and contrary to the clear language of the statutory text itself.  Whether or not there was evidence before the Secretary regarding the situations contemplated in §1437p(b) is yet to be seen and is left for another day.

As to the matter of standing, in Tinsley v. Kemp, 750 F.Supp. 1001 (W.D. Mo. 1990) the Court recognized that Congress established a private cause of action available to citizens to obtain judicial review of agency action.  See also Vélez v. Cisneros, 850 F.Supp. 1257, 1271 (E.D. Penn. 1994) (holding that "subsections (a) and (b) of §1437p place an affirmative duty on HUD to refuse to approve a PHA [public housing agency] application to demolish or dispose of public housing units unless certain requirements are met.  HUD is not liable for any de facto demolition in its general supervision of a PHA unless HUD has approved such demolition in violation of statutory requirements; that decision would be subject to judicial review under the APA as a final agency decision."

For the reasons stated, HUD defendants' Motion to Dismiss (**docket entry 16**) is DENIED.
SO ORDERED.

At San Juan, Puerto Rico, on February 7, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge